UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22893-KMM

BRYAN JAMES WALTERS,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,
and SOCIAL SECURITY
ADMINISTRATION,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS CAUSE came before the Court upon Plaintiff Bryan James Walters' Application for Leave to Proceed In Forma Pauperis, ECF No. [4] (the "Motion"). Pursuant to the Clerks directive of this cause, the Motion was referred to the undersigned Magistrate Judge to issue a Report and Recommendation, ECF No. [6].

Plaintiff, a pro se litigant, has not paid the required filing fee, and the screening provisions of 28 U.S.C. Section 1915(e) apply. Pursuant to that statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915 (e)(2) (alterations added).

For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's Application for Leave to Proceed In Forma Pauperis be **DENIED**, all pending motions be

**DENIED AS MOOT**, and Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.[1]

## I.      DISCUSSION

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face.*'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a plausible claim for relief, a plaintiff must "plead[] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jones v. Gadsden County Sch.*, 755 Fed. App'x. 954, 955 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).  With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997).

---

[1] The undersigned notes that, based upon Plaintiff's total lack of monthly income reported in the Motion, Plaintiff meets the financial requirements for IFP status.  There is no specific guidance regarding an income threshold to determine indigency for plaintiffs in federal civil cases.  In federal bankruptcy cases, however, 28 U.S.C. § 1930 provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline.  In addition, the undersigned notes that Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons filing lawsuits in Florida state courts.  Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines.  § 57.082 (2)(a)(1), Fla. Stat. (2012).  The 2020 Department of Health and Human Services' Poverty Guidelines for a family of one is $12,880.00; and for a family of two it is $17,420.00.  *See* Department of Health and Human Services Poverty Guidelines, available at https://aspe.hhs.gov/poverty-guidelines (last visited January 18, 2021).

As a pro se litigant, Plaintiff is entitled to the Court's liberal construction of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*). Nonetheless, the Court may dismiss the Complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). Plaintiff has filed an Amended Complaint, ECF No. [9], where he appears to seek relief under multiple causes of action against the Social Security Administration ("SSA"), and the Internal Revenue Service ("IRS") (collectively, "Defendants"). Plaintiff's Amended Complaint is a hand-written, single paragraph document that merely states the following:

> The plaintiff seeks a review of his Social security for benefits. His benefits were denied from him in Florida and California. He seeks the benefits to pay for medical expenses. The plaintiff is suing the Government entity under 42 USC 1983. The claim also gives rise to his civil rights as stated in the Florida constitutions as his benefits are his. The plaintiff is suing both entities for neglect and want to be compensated by his benefits given to him and a full review of his social security. The clearing of any red flags that may occur in his social security and more. In the [IRS] the plaintiff seeks a full tax review and to be compensated for any missed taxes.

ECF No. [9]. Upon review of Plaintiff's Amended Complaint, the undersigned finds that it does not include sufficient factual matter, accepted as true, to allow the Court to reasonably infer what the claim or claims for relief against the Defendants may be. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).

For example, as it pertains to Plaintiff's claim against the SSA, Plaintiff's Amended Complaint merely alleges that he was denied his right to Social Security benefits. However, whether Plaintiff is entitled to disability benefits is initially a matter of administrative action, and this Court's authority would be limited to reviewing the final decision of the Commissioner of Social Security to ensure the correct legal standards were applied and the decision was supported by "substantial evidence." *See* 42 U.S.C. § 405(g); *see also Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). Here, it is unclear, and Plaintiff's Amended Complaint

fails to address, whether the Commissioner of Social Security has rendered a decision that would allow this Court to review it on the merits.

As to the reference to 42 U.S.C. § 1983, in order to state a claim, Plaintiff must show: "'(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law.'" *Gottschalk v. Gottschalk*, No. 10-11979, 2011 WL 2420020, at *6 (11th Cir. June 16, 2011) (quoting *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)). Although Plaintiff's Amended Complaint cites to the statute, it fails to provide any factual or evidentiary support to substantiate his claim. Even if the undersigned were to assume that Plaintiff's allegations of "neglect" were in support of his § 1983 claim, the undersigned would still find that Plaintiff's Amended Complaint, as to this issue, fails to state a claim upon which relief can be granted. Indeed, the Eleventh Circuit has held that "[a]llegations of negligent conduct are insufficient to state a claim under § 1983." *Webb v. Tallahassee Police Dept.*, 130 Fed. Appx. 377, 378 (11th Cir. 2005).

Likewise, any action against the IRS is also subject to administrative remedies that are not even referenced in the Amended Complaint and that must be exhausted. *Enax v. Comm'r of IRS*, 476 Fed. App'x. 857, 859 (11th Cir. 2012). Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 Fed. App'x. 342, 343 (11th Cir. 2005), Plaintiff's Amended Complaint does not include sufficient factual matter that even if accepted as true could allow the Court to reasonably infer what the claim or claims for relief against the Defendants may be. *See Fullman*, 739 F.2d at 556–57. Indeed, for the same reasons, allowing the Amended Complaint to move forward with the hopes that an attorney would volunteer to represent Plaintiff, as he requests, is futile as the Amended Complaint affords so little information that an attorney

would not be able to determine, based on reading it, if they had the ability or expertise to render competent advice and representation to Plaintiff.

## II.  RECOMMENDATION

Therefore, in accordance with the foregoing Report and Recommendation, the undersigned hereby **RECOMMENDS** that Plaintiff's Application for Leave to Proceed In Forma Pauperis be **DENIED**, all pending motions be **DENIED AS MOOT**, and Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

## III.  OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 21st day of January, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE